IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLENE AMENT and ) | |
| WILLIAM C. AMENT, her husband, ) | |
| SUSAN MARIE DUNMIRE ) | |
| and JOHN H. DUNMIRE, JR., her husband, ) | |
| DAVID WILLIAM GUTHRIE ) | |
| and DONNA BIELASAL, his wife, ) | |
| THOMAS MEDICE, personal representative ) | |
| for the estate of DORA GELDA MEDICE, ) | CIVIL ACTION NO. |
| and THOMAS MEDICE, in his own right, ) | |
| PAMELA WOITAS, personal representative ) | |
| for the estate of  VITO F. PALATTELLA, ) | |
| PAMELA WOITAS and ) | |
| ADELINE B. PALATELLA in their own right, ) | |
| TIMOTHY POLKA, ) | |
| MICHELLE SCHMIDT, personal ) | |
| Representative for the estate of ) | |
| DONALD PETER RAVICCHIO, ) | |
| and MICHELLE SCHMIDT in her own right, ) | |
| KATHLEEN RIMMEL, personal ) | |
| Representative for the estate of ) | |
| KEVIN RIMMEL ) | |
| and KATHLEEN RIMMEL, in her own right, ) | |
| FRANK JOSEPH STEFANIAK, ) | |
| And LAVINIA ROSE STEFANIAK, his wife, ) | |
| JOSEPH ANTHONY STEFANIAK, ) | |
| and KAREN SUE STEFANIAK, his wife, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| BABCOCK & WILCOX POWER ) | |
| GENERATION GROUP, INC., as ) | |
| Successor-in-interest to Babcock & ) | |
| Wilcox Company, B&W TECHNICAL ) | |
| SERVICES, INC., f/k/a B&W Nuclear ) | |
| Environmental Services, Inc., and ) | |
| ATLANTIC RICHFIELD COMPANY, ) | |
| predecessors-in-interest, successors-in-interest, ) | |
| subdivisions and subsidiaries, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT IN CIVIL ACTION - JURY TRIAL DEMANDED

## I.

## INTRODUCTION

1.      Plaintiffs bring this action against Defendants seeking redress for injuries they have suffered in the past and will continue to suffer as a result of Defendants' reckless, grossly negligent and negligent operation, remediation, and/or decommissioning of two nuclear materials processing facilities located in the Borough of Apollo and in Parks Township, Pennsylvania. Throughout the operational history of these facilities, Defendants have caused the release of hazardous radioactive substances into the surrounding environment.  These releases have contaminated the air, soil, surface water and ground water in the surrounding communities, directly and proximately causing Wife Plaintiff's personal injuries.

## II.

## JURISDICTION

2.      This action arises under the United States Price Anderson Act, 42 U.S.C. §§ 2210, et seq., as hereinafter more fully appears.  Section 2210(n)(2) of that Act provides an express grant of jurisdiction to the United States District Courts and grants jurisdiction to this Court to consider Plaintiffs' claims.

3.      This action arises under the United States Atomic Energy Act, 42 U.S.C. §§ 2011, et seq., and the United States Price Anderson Act, 42 U.S.C. §§ 2210, et seq., as hereinafter more fully appears.  Therefore, this court also has jurisdiction over Plaintiffs' claims by virtue of 28 U.S.C. § 1331.

4.      Because this action also arises under laws of the United States regulating commerce, this court has jurisdiction over Plaintiffs' claims by virtue of 28 U.S.C. § 1337, as hereinafter more

fully appears.  Both the Atomic Energy Act, 42 U.S.C. §§ 2011, et seq., and the Price Anderson

Act, 42 U.S.C. §§ 2210, et seq., regulate commerce in the nuclear fuels and nuclear power

industry.

5.      Because Plaintiffs' state law claims arise out of the same case or controversy as their

federal claims, this court has jurisdiction over those ancillary and pendent state law claims by

virtue of 28 U.S.C. § 1367(a).

### III.

### VENUE

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C.

§ 2210(n)(2) because Plaintiffs' causes of action arose in this district and because the nuclear

incidents giving rise to Plaintiffs' claims transpired in this district.

### IV.

### THE PARTIES

7.      The following persons are Plaintiffs in this action:

a.      (1)      Marlene Ament is currently living and residing in Apollo, Pennsylvania. Marlene

Ament has lived in the North Vandergrift and Apollo, Pennsylvania area all of her life.  Marlene

Ament visited friends and relatives in this community since that time. Subsequently, Marlene

Ament was diagnosed with breast cancer in December 2011.  As a result of Defendants' repeated

releases of hazardous and radioactive substances into the area surrounding their nuclear materials

processing facilities in Apollo and Parks Township, Pennsylvania, Marlene Ament developed

breast cancer, which disease caused her severe physical injury, pain, suffering, and mental and

emotional damage.

(2)     William C. Ament  is the spouse of Marlene Ament.  As a result of the injuries to

Marlene Ament caused by Defendants' wrongful conduct,  William C. Ament  has suffered

injury to and loss of the care, maintenance, services, support, advice, counsel and consortium of

Marlene Ament.

b.      (1)     Susan Marie Dunmire is currently living and residing in Vandergrift,

Pennsylvania. Susan Marie Dunmire has lived in the Vandergrift and Apollo, Pennsylvania area

since 1964. Susan Marie Dunmire visited friends and relatives in this community since that time.

Subsequently, Susan Marie Dunmire was diagnosed with B-cell non-Hodgkins Lymphoma and

central nervous system Lymphoma in January, 2012. As a result of Defendants' repeated releases

of hazardous and radioactive substances into the area surrounding their nuclear materials

processing facilities in Apollo and Parks Township, Pennsylvania, Susan Marie Dunmire

developed B-cell non-Hodgkins Lymphoma and central nervous system Lymphoma, which

disease caused her severe physical injury, pain, suffering, and mental and emotional damage.

(2)     James H Dunmire, Jr.  is the spouse of Susan Marie Dunmire.  As a result of the injuries

to Susan Marie Dunmire caused by Defendants' wrongful conduct,  James H Dunmire, Jr.  has

suffered injury to and loss of the care, maintenance, services, support, advice, counsel and

consortium of Susan Marie Dunmire.

c.      (1)     David William Guthrie is currently living and residing in Pittsburgh,

Pennsylvania.  David William Guthrie lived in the Vandergrift and Apollo, Pennsylvania area

from 1955 to 1992.  David William Guthrie visited friends and relatives in this community since

that time.  Subsequently, David William Guthrie was diagnosed with male breast cancer in June,

2011.  As a result of Defendants' repeated releases of hazardous and radioactive substances into

the area surrounding their nuclear materials processing facilities in Apollo and Parks Township,

Pennsylvania, David William Guthrie developed male breast cancer, which disease caused him severe physical injury, pain, suffering, and mental and emotional damage.

(2)     Donna Bielasal  is the spouse of David William Guthrie.  As a result of the injuries to David William Guthrie caused by Defendants' wrongful conduct, Donna Bielasal has suffered injury to and loss of the care, maintenance, services, support, advice, counsel and consortium of David William Guthrie.

d.     Thomas Medice is the surviving son and Personal Representative for his mother, Dora Gelda Medice.  Thomas J. Medice is suing in his individual capacity for injuries suffered as a result of Defendants' actions, and as personal representative of the estate of his mother, Dora Gelda Medice.  Dora Gelda Medice resided in the Vandergrift, Pennsylvania area from 1937 to 2011.  As a result of Defendants' repeated releases of hazardous radioactive substances into the area surrounding the Apollo and Parks Township facilities, Dora Gelda Medice developed lung cancer in November 2011. The onset of cancer had a debilitating effect on Dora Gelda Medice, causing her severe physical injury pain and suffering, mental and emotional damage. The same diseases ultimately led to her death on February 25, 2011.

(1)     Plaintiff, Thomas J. Medice proceeds in his individual capacity seeking redress for harm caused her by the Defendants. Thomas Medice brings suit for Dora Gelda Medice's wrongful death under the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. section 8301. Thomas Medice is a proper beneficiary under that law, and his injuries, which include medical and funeral expenses, and mental pain and suffering, are properly compensable under that Act.

(2)     As representative of Dora Gelda Medice's estate, Thomas Medice also brings a claim against Defendants for the injuries inflicted upon Dora Gelda Medice under Pennsylvania survival statue, 42 Pa. C.S.A. sec. 8302. He is the proper representative of the estate, and no claim for Dora Gelda Medice's personal injuries was brought during her life time. Thomas

Medice seeks damages for the pain and mental anguish suffered by Dora Gelda Medice prior to her death, the medical and other expenses she incurred, as a result of her illness and eventual death. Because Defendants' conduct was reckless and/or grossly negligent, Thomas Medice seeks punitive damages.

e.      Adeline B. Palatella is surviving spouse of Vito Palatta and Pamela Woitas is surviving daughter and personal representative of the estate of Vito F. Pallattella.  Pamela Wiotas is suing in her individual capacity for injuries suffered as a result of Defendants' actions, and as personal representative of the estate of her father, Vito F. Palattella. Vito F. Palattella resided in the Vandergrift, Pennsylvania area since approximately 1952. As a result of Defendants' repeated releases of hazardous radioactive substances into the area surrounding the Apollo and Parks Township facilities, Vito F. Palattella developed anaplastic thyroid cancer in March, 2012. The onset of cancer had a debilitating effect on Vito F. Palattella, causing him severe physical injury pain and suffering, mental and emotional damage. The same diseases ultimately led to his death on June 25, 2012.

(1)      Plaintiff, Pamela Woitas proceeds in her individual capacity seeking redress for harm caused her by the Defendants. Pamela Woitas brings suit for Vito F. Palattella's wrongful death under the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. section 8301. Pamela Woitas is a proper beneficiary under that law, and her injuries, which include medical and funeral expenses, and mental pain and suffering, are properly compensable under that Act.

(2)      As representative of Vito F. Palattella's estate, Pamela Woitas also brings a claim against Defendants for the injuries inflicted upon Vito F. Palattella under Pennsylvania survival statue, 42 Pa. C.S.A. sec. 8302. She is the proper representative of the estate, and no claim for Vito F. Palattella's personal injuries was brought during his life time. Pamela Woitas seeks damages for the pain and mental anguish suffered by prior to his death, the medical and other expenses he

incurred, as a result of his illness and eventual death. Because Defendants' conduct was reckless and/or grossly negligent, Pamela Woitas seeks punitive damages.

f.      Timothy Polka is currently living and residing in Apollo, Pennsylvania. Timothy Polka has lived in the Parks Township and Apollo, Pennsylvania area since 1948. Timothy Polka visited friends and relatives in this community since that time. Subsequently, Timothy Polka was diagnosed with thyroid cancer in November, 2011. As a result of Defendants' repeated releases of hazardous and radioactive substances into the area surrounding their nuclear materials processing facilities in Apollo and Parks Township, Pennsylvania, Timothy Polka developed thyroid cancer, which disease caused him severe physical injury, pain, suffering, and mental and emotional damage.

g.      Michelle Schmidt is surviving daughter and Personal Representative for her father, Donald Peter Ravicchio. Michelle Schmidt is suing in her individual capacity for injuries suffered as a result of Defendants' actions, and as personal representative of the estate of her father, Donald Peter Ravicchio. Donald Peter Ravicchio resided in the Apollo and Vandergrift, Pennsylvania area since 1945. As a result of Defendants' repeated releases of hazardous radioactive substances into the area surrounding the Apollo and Parks Township facilities, Donald Peter Ravicchio developed esophageal cancer in January, 2011. The onset of cancer had a debilitating effect on Donald Peter Ravicchio, causing him severe physical injury pain and suffering, mental and emotional damage. The same diseases ultimately led to his death on June 18, 2011.

(1)      Plaintiff, Michelle Schmidt proceeds in her individual capacity seeking redress for harm caused her by the Defendants. Michelle Schmidt brings suit for Donald Peter Ravicchio's wrongful death under the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. section 8301.

Michelle Schmidt is a proper beneficiary under that law, and her injuries, which include medical and funeral expenses, and mental pain and suffering, are properly compensable under that Act.

(2)     As representative of Donald Peter Ravicchio's estate, Michelle Schmidt also brings a claim against Defendants for the injuries inflicted upon Donald Peter Ravicchio under Pennsylvania survival statue, 42 Pa. C.S.A. sec. 8302. She is the proper representative of the estate, and no claim for Donald Peter Ravicchio's personal injuries was brought during his life time. Michelle Schmidt seeks damages for the pain and mental anguish suffered by prior to his death, the medical and other expenses he incurred, as a result of his illness and eventual death. Because Defendants' conduct was reckless and/or grossly negligent, Michelle Schmidt seeks punitive damages.

h.     Kathleen Rimmel is surviving spouse and Personal Representative for her husband, Kevin Rimmel's estate. Kathleen Rimmel is suing in her individual capacity for injuries suffered as a result of Defendants' actions, and as personal representative of the estate of her  husband, Kevin Rimmel. Kevin Rimmel resided in the Apollo and Vandergrift, Pennsylvania area from 1962 to 1985. As a result of Defendants' repeated releases of hazardous radioactive substances into the area surrounding the Apollo and Parks Township facilities, Kevin Rimmel developed leukemia in February 2011. The onset of cancer had a debilitating effect on Kevin Rimmel, causing him severe physical injury pain and suffering, mental and emotional damage. The same diseases ultimately led to his death on March 9, 2012.

(1)     Plaintiff, Kathleen Rimmel proceeds in her individual capacity seeking redress for harm caused her by the Defendants. Kathleen Rimmel brings suit for Kevin Rimmel's wrongful death under the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. section 8301. Kathleen Rimmel is a proper beneficiary under that law, and her injuries, which include medical and funeral expenses, and mental pain and suffering, are properly compensable under that Act.

(2)     As representative of Kevin Rimmel's estate, Kathleen Rimmel also brings a claim against Defendants for the injuries inflicted upon Kevin Rimmel under Pennsylvania survival statue, 42 Pa. C.S.A. sec. 8302. She is the proper representative of the estate, and no claim for Kevin Rimmel's personal injuries was brought during his life time. Kathleen Rimmel seeks damages for the pain and mental anguish suffered by prior to his death, the medical and other expenses he incurred, as a result of his illness and eventual death. Because Defendants' conduct was reckless and/or grossly negligent, Kathleen Rimmel seeks punitive damages.

i.     (1)     Frank Joseph Stefaniak is currently living and residing in Apollo, Pennsylvania. Frank Stefaniak lived in the Parks Township and Apollo, Pennsylvania area from 1952 to 1970, and from 1974 to the present.  Frank Stafaniak visited friends and relatives in this community during and since that time. Subsequently, Frank Stefaniak was diagnosed with throat and neck squamous cell cancer in November 2011.  As a result of Defendants' repeated releases of hazardous and radioactive substances into the area surrounding their nuclear materials processing facilities in Apollo and Parks Township, Pennsylvania, Frank Stefaniak developed throat and neck cancer, which disease caused him severe physical injury, pain, suffering, and mental and emotional damage.

(2)     Lavinia Rose Stefaniak  is the spouse of Frank Stefaniak.  As a result of the injuries to Frank Stefaniak caused by Defendants' wrongful conduct, Lavinia Rose Stefaniak  has suffered injury to and loss of the care, maintenance, services, support, advice, counsel and consortium of Frank Stefaniak.

j.     (1)     Joseph Anthony  Stefaniak is currently living and residing in Apollo, Pennsylvania. Joseph Anthony Stefaniak has lived in the Apollo, Pennsylvania area from 1955. Joseph Anthony Stafaniak visited friends and relatives in this community during and since that time. Subsequently, Joseph Anthony Stefaniak was diagnosed with throat cancer in February

2011. As a result of Defendants' repeated releases of hazardous and radioactive substances into the area surrounding their nuclear materials processing facilities in Apollo and Parks Township, Pennsylvania, Joseph Anthony Stefaniak developed throat cancer, which disease caused him severe physical injury, pain, suffering, and mental and emotional damage.

(2)     Karen Sue Stefaniak  is the spouse of Joseph Stefaniak.  As a result of the injuries to Joseph Stefaniak caused by Defendants' wrongful conduct, Karen Sue Stefaniak  has suffered injury to and loss of the care, maintenance, services, support, advice, counsel and consortium of Joseph Stefaniak.

## VI.

## CAUSES OF ACTION

### Count One

### CLAIMS ARISING UNDER THE PRICE ANDERSON ACT,

### 42 U.S.C. §2210 et seq.

29.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 28 and incorporate them by reference as if fully set forth herein.

30.     Plaintiffs in this case assert numerous state common law claims against Defendants for injuries suffered. See ¶¶ 35 through 80.  Because these Defendants are regulated by the terms of the federal Price Anderson Act, as hereinafter more fully appears, those state law claims are statutorily deemed to arise under the federal Price Anderson Act, thereby stating a federal cause of action. 42 U.S.C. §2014(hh); §2210.

31.     Defendants in this action have, at times material to this action, conducted various activities involving nuclear materials. These activities include collecting and processing uranium, plutonium, thorium and other radioactive substances. They are therefore engaged in the development, use and control of atomic energy within the terms of the Atomic Energy Act, 42

U.S.C. §2011 et. seq. A consequence of these activities is the requirement that Defendants obtain a federal license authorizing their operations involving nuclear materials. 42 U.S.C. §§ 22l0, 2073, 2092, 2093, 2111. Defendants or their predecessors and/or agents have at all relevant times held such federal licenses.

32.     In 1957, Congress amended the Atomic Energy Act to implement its policy to foster private sector participation in the nuclear energy industry. These 1957 amendments became known as the Price Anderson Act. The uranium, plutonium, thorium and other radioactive substances possessed, processed and stored by Defendants at the Apollo and Parks Township facilities are nuclear by-product materials, special nuclear materials anti/or source materials. 42 U.S.C. §2014(e), (z), (aa). Any release of these by-product, special nuclear, or source materials causing bodily injury, sickness, disease, death, loss or damage to property, or loss of use of property constitutes a "nuclear incident" under the terms of the Price Anderson Act. 42 U.S.C. §2014(q). Plaintiffs in this case contend that Defendants have operated the facilities in Apollo and Parks Township in a negligent, grossly negligent, and reckless fashion, and have as a consequence caused the frequent release of by-product, special nuclear, and/or source materials into the surrounding communities, thereby causing a "nuclear incident" or series of "nuclear incidents" under the Price Anderson Act.

33.     Plaintiffs further argue that these releases have exposed Plaintiffs and their property to highly dangerous materials. Plaintiffs have sustained serious injuries as a direct and proximate cause of these exposures. Plaintiffs have suffered bodily injury, sickness, disease or death and loss of or damage to property as a direct and proximate result of their exposures. Plaintiffs' cause of action therefore asserts legal liability based upon a "nuclear incident," or series of such incidents, and is consequently a "public liability action" within the terms of the Price Anderson Act. 42 U.S.C. §2014(w), §20l4(hh).

34.     The Price Anderson Act further provides that in "public liability actions" arising under the Act, the law of the state in which the "nuclear incident" occurred shall provide the substantive rules of decision unless such law is inconsistent with the Act. The causes of action enumerated in ¶¶ 35 through 80 exist by virtue of the laws of the state of Pennsylvania, in which the "nuclear incident" occurred, and are therefore properly before this court as both federal causes of action arising under the Price Anderson Act and as state law claims ancillary and pendant to the federal claims. 42 U.S.C. §20l4(hh), §2210.

## Count Two

## NEGLIGENCE

35.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 34 and incorporate them by reference as if fully set forth herein.

36.     Defendants owed to Plaintiffs a duty of due care which could only be satisfied by the legal, safe, and proper generation, use, management, storage and disposal of the radioactive, toxic and hazardous substances in Defendants' possession. Defendants had a specific duty to prevent the discharge or release of such substances which might harm the persons, property or economic interests of Plaintiffs. Defendants also had a specific duty to warn or notify Plaintiffs of the potential hazards of exposure to radioactive, toxic and hazardous substances and to warn or notify Plaintiffs of the fact that discharges or releases of these substances had occurred, and were likely to occur in the future.

37.     Further, Defendants had a duty to comply with applicable state, federal, and local governmental laws, regulations, and guidelines applicable to persons generating, managing, storing, using, and disposing of radioactive, hazardous and toxic substances.

38.     Defendants breached these duties by their negligent, grossly negligent, and reckless generation, management, storage, use, and disposal of radioactive, hazardous and toxic

substances and their negligent, grossly negligent, and reckless conduct of operations at the Apollo and Parks facilities, including remediation and decommissioning activities. Such conduct was in utter non-compliance with applicable federal, state and local laws, regulations, and guidelines. Defendants' reckless, grossly negligent, negligent, and illegal conduct resulted in the dangerous release of radioactive, hazardous and toxic substances into the communities surrounding the Apollo and Parks Township facilities. These actual and continued releases have subjected Plaintiffs to an unreasonable risk of harm, and to actual injuries to their persons, property and economic interests. Defendants also failed to warn Plaintiffs of the actual and threatened releases of such substances and of the reasonably foreseeable effects of such releases, an omission that was reckless, grossly negligent, and/or negligent. Finally, Defendants failed to act to prevent their releases from harming Plaintiffs.

39.     The operators of the NUMEC operations knew about the hazards associated with nuclear operations. Additionally, the legislative history of the Price Anderson Act, which was passed with the active participation of private companies involved in the nuclear power industry, is rife with references to the extreme consequences that could be expected in the event of a nuclear accident. Indeed, the gravity of such consequences was a major contributing factor to the passage of the Price Anderson Act. These Defendants clearly knew or should have known that their generation, management, storage, use, disposal, releases, or discharges of radioactive, toxic and hazardous substances at the Apollo and Parks Township facilities would result in actual injuries and increased risks to the persons, property and economic interests of the public living near the facility.

40.     Defendants' negligence was a direct and proximate cause of Plaintiffs' injuries causing both actual present harm and creating an increased risk of harm to their persons, property and economic interests. Plaintiffs are entitled to recover damages for such injuries.

41.     All injuries and damages to Plaintiffs are substantial. Many of the injuries to the Plaintiffs, however, are as yet undetermined in magnitude. The amount of damages for some of the injuries will be established at the time of trial.

## Count Three

## NEGLIGENCE PER SE

42.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 41 and incorporate them by reference as if fully set forth herein.

43.     Plaintiffs contend that throughout their history, the facilities at Apollo and Parks Township were operated in non-compliance with applicable federal, state and local laws and regulations promulgated thereunder. Applicable statutes include but are not limited to the Atomic Energy Act, 42 U.S.C. §2011 et. seq., regulations issued thereunder in 10 C.F.R. Parts 20, 30, 40, 70, specifically including but not limited to 10 C.F.R. 20.103(a), 10 C.F.R. 20.106(b) and (g), 10 C.F.R. 20.201(b), 10 C.F.R. 20.203(d), 10 C.F.R. 20.206(a), 10 C.F.R. 20.401(b), 10 C.F.R. 20.405(a), (b), 10 C.F.R. 407(b)(1), (2), 10 C.F.R. 30.3, 10 C.FR. 70.24, licenses issued thereunder, including but not limited to license #SNM-145, #SNM-414, #SMB-502, #37-07031-01, #37-04456-01, #37- 04456-03, #37-04456-04, #37-04456-05, #C-4834, #C-3762; the Price Anderson Act, 42 U.S.C. §2210 et seq., and regulations issued thereunder; the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. §9601, §9603, §9611(g), and regulations issued thereunder; the Toxic Substances and Control Act (TSCA), 15 U.S.C. §2601, §2607(e) and regulations issued thereunder; the Resource Conservation and Recovery Act (RCRA) 42 U.S.C. §6901, §6924(d), §6925 and regulations issued thereunder; the Emergency Planning and Community Right to Know Act (EPCRTKA) 42 U.S.C. § 11001, § 11023 and regulations issued thereunder; and applicable Pennsylvania air and water quality protection and waste disposal laws.

44.     These violations of applicable state, federal and local laws, regulations and guidelines were a direct and proximate cause of injuries to Plaintiffs. The increased risk of harm and the actual present harm to their person, property and economic interests are precisely the types of injuries these applicable laws were designed to prevent. Violation of these statutes thereby constitutes per se negligence.

45.     All injuries and damages to Plaintiffs are substantial. Many of the injuries to the Plaintiffs, however, are as yet undetermined in magnitude. The amount of damages for some of the injuries will be established at the time of trial.

## Count Four

## ABSOLUTE OR STRICT LIABILITY

46.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 45 and incorporate them by reference as if fully set forth herein.

47.     The conduct of nuclear processing activities, including remediation and decommissioning activities, poses significant risk of harm to persons living and working in the vicinity of the operation. The consequences of nuclear accidents or incidents to health, property and the environment are extremely dire, and can be measured in the millions, if not billions of dollars. Nor is it possible to eliminate the risk by taking reasonable precautions. Finally, processing nuclear materials has never been a matter of common usage; indeed, prior to 1957, private operators were not permitted to engage in such activities at all. The conduct of nuclear processing activities at Defendants' Apollo and Parks Township operations clearly constituted abnormally dangerous activities.

48.     In addition, with the knowledge of the environmental and health hazards associated with the processing of nuclear fuel components, Defendants' predecessors chose to establish the first and largest privately-owned commercial nuclear processing facility in the midst of the

communities of Apollo and Parks Township, with facilities being located as little as 50 feet from homes. Although Plaintiffs maintain the Defendants' activities were abnormally dangerous per se, the location of such activities in a well-populated area such as Apollo or Parks Township would independently have rendered them abnormally dangerous.

49.     As a direct and proximate result of the Defendants' collection, handling, processing, storage and disposal of radioactive, toxic and hazardous substances at the Apollo and Parks Township facilities, there have been releases of such substances into the environment, thereby injuring Plaintiffs, which injuries include actual present harm and increased risks of harm to their persons, property and economic interests.  Defendants' releases, and their conduct of abnormally dangerous activities in the Apollo and Parks Township facilities have also interfered substantially with Plaintiffs' private use and enjoyment of their property. These injuries constitute the type of harm the possibility of which made the Defendants' activities abnormally dangerous.

50.     Defendants are therefore strictly liable to Plaintiffs for all damages which have resulted and which will continue to result from the collection, handling, processing, storage and disposal of radioactive, toxic and hazardous substances at the Apollo and Parks Township facilities.

51.     All injuries and damages to Plaintiffs are substantial; however, many of the injuries to the Plaintiffs are as yet undetermined in magnitude. The amount of damages for some of the injuries will be established at the time of trial.

## Count Five

## MISREPRESENTATION AND CONCEALMENT

63.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 62 and incorporate them by reference as if fully set forth herein.

64.     Some or all of the Defendants, at various times, both negligently and/or failed to disclose to Plaintiffs material facts concerning the nature and the magnitude of the releases of radioactive, toxic and hazardous substances from Defendants' nuclear processing facilities in Apollo and Parks Township. Defendants further misrepresented and concealed the magnitude of such releases and the potential health risks and health effects of such activities, which effects were known to Defendants. Finally, Defendants have continued to make misrepresentations to members of the community regarding their ability to restore the Apollo and/or Parks Township facility sites such that those properties can safely be made available for unrestricted use.

65.     Each of these misrepresentations and/or concealments were made by Defendants individually, jointly and in conspiracy with each other, and were made with the intention of creating a false impression in the minds of the Plaintiffs as to the true environmental status of the community and the true health risks accompanying Defendants' releases of toxic, hazardous and radioactive substances such that Plaintiffs would be lulled into complacency, and would refrain from seeking redress or pursuing other remedial action.

66.     Plaintiffs reasonably believed and in good faith relied upon Defendants' misrepresentations and concealments in making decisions regarding seeking legal redress or pursuing remedial actions.

67.     Many of the Plaintiffs' injuries arising out of the releases of radioactive, toxic and hazardous substances by Defendants into the environment have been compounded by the passage of time and Plaintiffs' reliance upon Defendants' misrepresentations and concealments, Plaintiffs' injuries include both actual present harm and increased risk of harm to the person, property and economic interests of Plaintiffs. All injuries were directly and proximately caused by Plaintiffs' reliance upon Defendants' false and misleading representations, omissions and

concealments. Plaintiffs sustained damages including injuries, illnesses, disabilities, and/or death. Plaintiffs are entitled to recover damages for such injuries.

68.     All injuries and damages to Plaintiffs are substantial. Many of the injuries to the Plaintiffs, however, are as yet undetermined in magnitude. The amount of damages for some of the injuries will be established at the time of trial.

### Count Six

### CIVIL CONSPIRACY

69.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 68 and incorporate them by reference as if fully set forth herein.

70.     Some or all of the Defendants, their officers and employees, and other persons and entities unknown to Plaintiffs, at various times, acted together with the common purpose of conducting operations at the nuclear processing facilities in Apollo and Parks Township in an unlawful manner, and with the further common purpose of unlawfully concealing operations at such facilities from the public and of concealing the fact that releases of toxic substances, radiation, and pollutants was occurring.

71.     In furtherance of this conspiracy, Defendants have taken overt steps to conceal the nature of plant operations from the public and from regulators, and have failed in their legal duty to disclose the fact that releases of toxic pollutants and radiation have occurred. Such concealment is a violation of law, and a violation of Defendants' duty to Plaintiffs as members of the community.

72.     In furtherance of this conspiracy, Defendants have also falsely and fraudulently represented the nature and extent of releases of toxic, hazardous and radioactive substances from their Apollo and Parks Township facilities, have misrepresented the health and environmental risks associated with such releases and with the operations of Defendants' facilities, and have

concealed information known to Defendants about the health risks and the status of knowledge regarding the dangerous properties of the toxic, hazardous and radioactive substances used, processed, generated and released from the facilities.

73.     As a direct and proximate result of Defendants' conspiracy, Plaintiffs have suffered injuries to their persons, property and economic interests and are entitled to recover damages for such injuries.

74.     All injuries and damages to Plaintiffs are substantial. Many of the injuries to the Plaintiffs, however, are as yet undetermined in magnitude. The amount of damages for some of the injuries will be established at the time of trial.

## Count Seven

## WRONGFUL DEATH AND SURVIVAL

75.     Plaintiffs repeat the allegations contained in Paragraphs 1 through 74 and incorporate them by reference as if fully set forth herein.

76.     Defendants' negligent, grossly negligent, and reckless conduct was the direct and proximate cause of the wrongful death of Decedent Eva Meyers. Pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. §8301, Plaintiffs' beneficiaries are entitled to recover damages for such wrongful death.  Wrongful death plaintiffs' damages include medical, funeral and other expenses and loss of support.

77.     Statutory beneficiaries, including personal representatives or executors of the estates of the decedents are entitled to assert the causes of action referred to herein on behalf of such deceased persons pursuant to the Pennsylvania Survival Act, 42 Pa. C.S.A. §8302.

78.     All injuries and damages to Plaintiffs' decedents are substantial. Many of the injuries to Plaintiffs' decedents are as yet undetermined in magnitude. The amount of damages for some of the injuries will be established at the time of trial.

## VII.

## <u>DAMAGES</u>

79.     As a direct and proximate result of Defendants' tortious conduct as alleged above, Plaintiffs have been injured by exposure to toxic and radioactive substances. Plaintiffs have been damaged in the following particulars and seek to recover therefor:

a.      Plaintiffs have suffered and will continue to suffer great physical pain and mental anguish and will continue to suffer great pain and anguish throughout their lifetime;

b.      Plaintiffs have incurred hospital and/or medical and/or pharmaceutical and/or other expenses and will continue to incur such expenses in the future due to the permanent nature of their injuries resulting from exposure to toxic and radioactive substances, from which injuries they now suffer and will continue to suffer in the future;

c.      Plaintiffs suffer a physical impairment at this time and will continue to suffer this impairment in the future due to their injuries resulting from exposure to toxic and radioactive substances;

d.      Plaintiffs suffer a permanent partial disability at this time and will become permanently and totally disabled in the future due to the progressive character of injuries resulting from exposure to toxic and radioactive substances;

e.      Plaintiffs have suffered a present increased risk of developing cancer and other serious diseases as a result of exposure to toxic and radioactive substances, and will require medical detection and surveillance services, including medical testing, preventive screening and the commission of independent studies adequate to quantify the adverse health effects of Defendants' releases of radioactive, toxic and hazardous substances, and

to allow Plaintiffs to take preventive action and to receive the early warning necessary to increase the efficacy of treatment of disease;

f.      Plaintiffs have suffered a progressive loss of wages and earning capacity and will continue to suffer a loss of earning capacity and wages throughout their lifetimes;

g.      Plaintiffs require or will require domestic help and nursing care due to their disabilities and have been or will be required to pay for such domestic help and nursing services;

h.      Prior to the onset of their symptoms, Plaintiffs were extremely active and participated in numerous hobbies and activities, and as a result of their injuries, Plaintiffs have been and will be prevented from engaging in some of said activities which were normal to them prior to developing symptoms and injuries resulting from exposure to toxic and radioactive substances. Plaintiffs have been and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life;

i.      A loss of consortium has been suffered between husbands and wives;

j.      Because Defendants' conduct was grossly negligent and reckless, Plaintiffs seek punitive damages;

k.      Wrongful death Plaintiffs seek to recover for the foregoing as a result of the wrongful and premature death of theft decedents which resulted from exposure to radioactive and toxic substances. In addition, wrongful death Plaintiffs seek reasonable burial and funeral expenses, loss of consortium damages and compensation for decedents' lost earnings and accumulations; and

l.      Survival action Plaintiffs seek to recover for the foregoing on behalf of the estates of their decedents. In addition, these Plaintiffs seek to recover loss of gross income

incurred prior to decedents' death and the loss of future earnings caused by decedents' untimely death.

80.     The conduct of Defendants, as alleged herein, was a direct, proximate and producing cause of the damages resulting from Plaintiffs' injuries and wrongful death of decedents, and of the following general and special damages that Plaintiffs have sustained both in their individual capacities, as next friends, or as personal representatives of the heirs and estates of decedents:

a.      Damages to punish Defendants for proximately causing Plaintiffs' Decedents' untimely death;

b.      Damages for the physical impairment suffered by Plaintiffs' Decedents prior to death;

c.      Damages for the disfigurement suffered by Plaintiffs' Decedents prior to death;

d.       Damages for reasonable and necessary medical expenses incurred by Plaintiffs' Decedents and their estates;

e.      Damages for reasonable funeral and burial expenses incurred by Plaintiffs' Decedents' estates;

f.      Damages for Decedents' lost earnings and net accumulations;

g.      Damages for the loss of the care, maintenance, services, support, advice, counsel and consortium which Plaintiffs and Decedents' family members received from the decedents prior to last illness and death.

## VIII.

## PRAYER FOR RELIEF

81.    WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for punitive and exemplary damages, for their attorneys' fees and costs expended herein, for prejudgment interest from the date of Plaintiffs' exposure to toxic, hazardous or radioactive substances released by Defendants, and post judgment interest on the judgment at the rate allowed by law, and for injunctive relief. PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES TRIABLE BY A JURY RAISED HEREIN.

BY:    */s/ Jeffrey V. Mansell*
Bruce E. Mattock, Esq. (#43237)
David B. Rodes, Esq. (#47819)
Jason T. Shipp, Esq. (#87471)
Jeffrey V. Mansell, Esq. (#202937)
GOLDBERG, PERSKY & WHITE, P.C.
1030 Fifth Avenue
Pittsburgh, PA 15219
(412) 471-3980 (phone)
(412) 471-8308 (facsimile)

Fidelma L. Fitzpatrick, Esq.
Jonathan D. Orent, Esq.
Michaela Shea McInnis, Esq.
MOTLEY RICE, LLC
321 South Main Street
Providence, RI 02903
(401) 457-7723 (phone)
(401) 457 7708 (facsimile)

Attorneys for Plaintiffs