# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE MCMUNN, Personal Representative of the Estate of EVA MYERS, et al., <br>         Plaintiffs, <br>    v. <br> BABCOCK & WILCOX POWER GENERATION GROUP, INC., et al., <br>         Defendants. | 2:10cv143 <br> Electronic Filing |
| JESSI ANN CASELLA, et al., <br>         Plaintiffs, <br>    v. <br> BABCOCK & WILCOX POWER GENERATION GROUP, INC., et al., <br>         Defendants. | 2:10cv368 <br> Electronic Filing |
| MICHAEL P. HUTH, et al., <br>         Plaintiffs, <br>    v. <br> BABCOCK & WILCOX POWER GENERATION GROUP, INC., et al., <br>         Defendants. | 2:10cv650 <br> Electronic Filing |
| LINDA W. DILIK, <br>         Plaintiff, <br>    v. <br> BABCOCK & WILCOX POWER GENERATION GROUP, INC., et al., <br>         Defendants. | 2:10cv728 <br> Electronic Filing |

| | |
|---|---|
| BONNIE AIKENS, et al., )<br>        Plaintiffs, )<br>   v. )<br>        )<br>BABCOCK & WILCOX POWER )<br>GENERATION GROUP, INC., et al., )<br>        Defendants. ) | 2:10cv744<br>Electronic Filing |
| PATRICIA ALTIMIRE, et al., )<br>        Plaintiffs, )<br>   v. )<br>        )<br>BABCOCK & WILCOX POWER )<br>GENERATION GROUP, INC., et al., )<br>        Defendants. ) | 2:10cv908<br>Electronic Filing |
| MARCIA BAUSTERT, et al., )<br>        Plaintiffs, )<br>   v. )<br>        )<br>BABCOCK & WILCOX POWER )<br>GENERATION GROUP, INC., et al., )<br>        Defendants. ) | 2:11cv898<br>Electronic Filing |
| SANDRA L. AMENT, et al., )<br>        Plaintiffs, )<br>   v. )<br>        )<br>BABCOCK & WILCOX POWER )<br>GENERATION GROUP, INC., et al., )<br>        Defendants. ) | 2:11cv1381<br>Electronic Filing |
| ELIZABETH MITCHESON, et al., )<br>        Plaintiffs, )<br>   v. )<br>        )<br>BABCOCK & WILCOX POWER )<br>GENERATION GROUP, INC., et al., )<br>        Defendants. ) | 2:12cv1221<br>Electronic Filing |

| | |
|---|---|
| KAREN L. SKROUPA, as personal representative of HOWARD D. SKROUPA, deceased,<br>        Plaintiff,<br>    v.<br><br>BABCOCK & WILCOX POWER GENERATION GROUP, INC., et al.,<br>Defendants. | 2:12cv1459<br>Electronic Filing |
| HEATHER LORRAINE BAYNAR, et al.,<br>        Plaintiffs,<br>    v.<br><br>BABCOCK & WILCOX POWER GENERATION GROUP, INC., et al.,<br>Defendants. | 2:10cv1736<br>Electronic Filing |
| MARLENE AMENT, et al.,<br>        Plaintiffs,<br>    v.<br><br>BABCOCK & WILCOX POWER GENERATION GROUP, INC., et al.,<br>        Defendants. | 2:13cv186<br>Electronic Filing |
| PATRICIA ALDENE WEST, et al.,<br>        Plaintiffs,<br>    v.<br><br>BABCOCK & WILCOX POWER GENERATION GROUP, INC., et al.,<br>        Defendants. | 2:13cv704<br>Electronic Filing |
| ALYNDA TALMADGE, et al.,<br>        Plaintiffs,<br>    v.<br><br>BABCOCK & WILCOX POWER GENERATION GROUP, INC., et al.,<br>        Defendants. | 2:13cv1527<br>Electronic Filing |

| MARGARET S. CULP, et al.,           | )                    |
|                  Plaintiffs,        | )                    |
|          v.                         | )  2:14cv639         |
|                                     | )  Electronic Filing |
| BABCOCK & WILCOX POWER              | )                    |
| GENERATION GROUP, INC., et al.,     | )                    |
| Defendants.                         | )                    |

**MEMORANDUM ORDER**

September 15, 2015

The above captioned cases were referred to United States Magistrate Judge Robert C. Mitchell for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges. In these actions, Plaintiffs allege that Defendants, Babcock & Wilcox Power Generation Group, Inc., B&W Technical Services, Inc. ("B&W") and Atlantic Richfield Co. ("ARC") (together "Defendants"), as successors in interest to Nuclear Materials Corporation ("NUMEC"), are responsible for the release of radioactive uranium from a nuclear processing facility located in Apollo, Pennsylvania and operated from approximately 1953 to 1983. Plaintiffs further allege that inhalation of radioactive uranium from the facility caused the Plaintiffs to develop cancer. Plaintiffs assert jurisdiction under the Price-Anderson Act (the "PAA"), 42 U.S.C. § 2210(n)(2), and the Atomic Energy Act (the "AEA"), 42 U.S.C. § 2011.

The followings motions were filed by the Defendants: (1) motions for judgment on the pleadings, filed in all fifteen (15) cases, contending that the state law claims in Counts II-V (in some cases, Counts II-VI and in some cases, Counts II-VII) should be dismissed as preempted by the Price-Anderson Act claims asserted in Count I; (2) motions for summary judgment, filed in the first eleven (11) cases, contending that Plaintiffs have failed to raise a genuine issue of material fact on the element of breach of duty (because average annual radioactive airborne

4

releases or uranium never exceeded the amounts set by 10 C.F.R. § 20.106); (3) motions for summary judgment, filed in the first eleven (11) cases, contending that Plaintiffs have failed to present evidence regarding exposure and dose, as well as motions (filed with their reply brief) to have their statements of undisputed fact deemed admitted; (4) motions for summary judgment, filed in the first eleven (11) cases by Defendant Atlantic Richfield, contending that Plaintiffs have failed to demonstrate that it can be held liable as a successor in interest to NUMEC, as well as motions (filed with its reply brief) to have its statements of undisputed fact deemed admitted; and (5) motions for summary judgment, filed in five of the cases, contending that Plaintiffs failed to comply with the Court's order of September 12, 2012, in that some of the Plaintiffs are continuing to allege exposure other than to inhalation of uranium from the Apollo facility, as well as motions (filed with their reply brief) to strike the supplemental affidavit of James Melius, M.D., DR. P.H. that Plaintiffs filed with their opposition to the motions.

The Magistrate Judge's Report and Recommendation (**Document No. 370** at 2:10cv143), filed on May 7, 2015, recommended as follows: (1) that Defendants' Motions for Judgment on the Pleadings Based on Price-Anderson Act Preemption be granted; (2) that Defendants' Motions for Summary Judgment Based on Plaintiffs' Failure to Raise a Genuine Issue for Trial on Breach of Duty be granted; (3) that Defendants' Motions for Summary Judgment Based on Plaintiffs' Lack of Evidence Regarding Exposure and Dose be granted; (4) that Defendants' Motions to Deem Admitted Rule 56.B.1 Statement of Undisputed Facts in Support of Summary Judgment Based on Plaintiffs' Lack of Evidence Regarding Exposure and Dose be granted; (5) that Defendant Atlantic Richfield Company's Motions for Summary Judgment Based on No Shareholder Liability be denied as moot; (6) that Defendant Atlantic Richfield Company's Motions to Deem Admitted Its Local Rule 56.B.1 Statement of Undisputed Facts in Support of

5

Summary Judgment Based on No Shareholder Liability be denied as moot; (7) that Defendants' Motions for Summary Judgment Due to Plaintiffs' Failure to Comply With the Court's September 12, 2012 Order be denied as moot; and (8) that Defendants' Motions to Strike the Supplemental Affidavit of James Melius, M.D., DR. P.H. be denied as moot.

Plaintiffs' filed Objections to the Report and Recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72.D.2 of the Local Rules of Court. After a comprehensive review of the record of these cases, and upon consideration of the Magistrate Judge's Report and Recommendation, and the Objections thereto, the Court will adopt the Report and Recommendation as the Opinion of this Court.

Accordingly

### ORDER OF COURT

AND NOW, this 15th day of September, 2015, upon consideration of the motions set forth above,

IT IS HEREBY ORDERED as follows:

(1) Defendants' Motions for Judgment on the Pleadings Based on Price-Anderson Act Preemption (**Document No. 308** at 2:10cv143; **Document No. 265** at 2:10cv368; **Document No. 259** at 2:10cv650; **Document No. 273** at 2:10cv728; **Document No. 276** at 2:10cv744; **Document No. 295** at 2:10cv908; **Document No. 266** at 2:10cv1736; **Document No. 205** at 2:11cv898; **Document No. 187** at 2:11cv1381; **Document No. 137** at 2:12cv1221; **Document No. 134** at 2:12cv1459; **Document No. 53** at 2:13cv186; **Document No. 40** at 2:13cv704; **Document No. 31** at 2:13cv1527; and **Document No. 19** at 2:14cv639) are **GRANTED**;

(2) Defendants' Motions for Summary Judgment Based on Plaintiffs' Failure to Raise a Genuine Issue for Trial on Breach of Duty (**Document No. 314** at 2:10cv143; **Document No. 267** at 2:10cv368; **Document No. 269** at 2:10cv650; **Document No. 275** at 2:10cv728;

**Document No. 282** at 2:10cv744; **Document No. 305** at 2:10cv908; **Document No. 272** at 2:10cv1736; **Document No. 207** at 2:11cv898; **Document No. 189** at 2:11cv1381; **Document No. 139** at 2:12cv1221; and **Document No. 136** at 2:12cv1459) are **GRANTED**;

(3) Defendants' Motions for Summary Judgment Based on Plaintiffs' Lack of Evidence Regarding Exposure and Dose (**Document No. 318** at 2:10cv143; **Document No. 275** at 2:10cv368; **Document No. 273** at 2:10cv650; **Document No. 279** at 2:10cv728; **Document No. 286** at 2:10cv744; **Document No. 309** at 2:10cv908; **Document No. 276** at 2:10cv1736; **Document No. 216** at 2:11cv898; **Document No. 193** at 2:11cv1381; **Document No. 143** at 2:12cv1221; and **Document No. 140** at 2:12cv1459) are **GRANTED**;

(4) Defendants' Motions to Deem Admitted Rule 56.B.1 Statement of Undisputed Facts in Support of Summary Judgment Based on Plaintiffs' Lack of Evidence Regarding Exposure and Dose (**Document No. 361** at 2:10cv143; **Document No. 320** at 2:10cv368; **Document No. 323** at 2:10cv650; **Document No. 324** at 2:10cv728; **Document No. 338** at 2:10cv744; **Document No. 363** at 2:10cv908; **Document No. 325** at 2:10cv1736; **Document No. 268** at 2:11cv898; **Document No. 237** at 2:11cv1381; **Document No. 178** at 2:12cv1221; and **Document No. 175** at 2:12cv1459) are **GRANTED**;

(5) Defendant Atlantic Richfield Company's Motions for Summary Judgment Based on No Shareholder Liability (**Document No. 310** at 2:10cv143; **Document No. 279** at 2:10cv368; **Document No. 277** at 2:10cv650; **Document No. 283** at 2:10cv728; **Document No. 290** at 2:10cv744; **Document No. 313** at 2:10cv908; **Document No. 280** at 2:10cv1736; **Document No. 220** at 2:11cv898; **Document No. 197** at 2:11cv1381; **Document No. 147** at 2:12cv1221; and **Document No. 144** at 2:12cv1459) are **DENIED** as moot;

(6) Defendant Atlantic Richfield Company's Motions to Deem Admitted Its Local

Rule 56.B.1 Statement of Undisputed Facts in Support of Summary Judgment Based on No Shareholder Liability (**Document No. 358** at 2:10cv143; **Document No. 317** at 2:10cv368; **Document No. 320** at 2:10cv650; **Document No. 320** at 2:10cv728; **Document No. 333** at 2:10cv744; **Document No. 357** at 2:10cv908; **Document No. 319** at 2:10cv1736; **Document No. 262** at 2:11cv898; **Document No. 231** at 2:11cv1381; **Document No. 172** at 2:12cv1221; and **Document No. 169** at 2:12cv1459) are **DENIED** as moot;

(7) Defendants' Motions for Summary Judgment Due to Plaintiffs' Failure to Comply With the Court's September 12, 2012 Order (**Document No. 265** at 2:10cv650; **Document No. 278** at 2:10cv744; **Document No. 301** at 2:10cv908; **Document No. 268** at 2:10cv1736; and **Document No. 209** at 2:11cv898) are **DENIED** as moot; and

(8) Defendants' Motions to Strike the Supplemental Affidavit of James Melius, M.D., DR. P.H. (**Document No. 310** at 2:10cv650; **Document No. 325** at 2:10cv744; **Document No. 350** at 2:10cv908; **Document No. 312** at 2:10cv1736; and **Document No. 255** at 2:11cv898) are **DENIED** as moot.

IT IS FURTHER ORDERED that Judgment is entered in favor of Defendants, Babcock & Wilcox Power Generation Group, Inc., B&W Technical Services, Inc. and Atlantic Richfield Co. and against Plaintiffs in cases 2:10cv143; 2:10cv368; 2:10cv650; 2:10cv728; 2:10cv744; 2:10cv908; 2:10cv1736; 2:11cv898; 2:11cv1381; 2:12cv1221; and 2:12cv1459. The Clerk shall mark these cases closed.

IT IS FURTHER ORDERED that the Report and Recommendation (**Document No. 370** at 2:10cv143) of Magistrate Judge Robert C. Mitchell, dated May 7, 2015, is hereby ADOPTED as the Opinion of the Court.

s/ David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc: Robert C. Mitchell  
United States Magistrate Judge

Jason T. Shipp, Esquire  
David B. Rodes, Esquire  
Anne Kearse, Esquire  
Bruce E. Mattock, Esquire  
Victoria Antion, Esquire  
Fidelma Fitzpatrick, Esquire  
Jonathan D. Orent, Esquire  
Michaela S. McInnis, Esquire  
Chris Michael Temple, Esquire  
Christopher M. Mooney, Esquire  
John P. Phillips, Esquire  
Peter C. Meier, Esquire  
Matthew H. Meade, Esquire  
Nancy G. Milburn, Esquire  
Philip H. Curtis, Esquire  
Reuben S. Koolyk, Esquire  
Caley M. Heekin, Esquire  
Elisa M. Pandolfi, Esquire  
Jarrod Shaw, Esquire  
Edward A. Bayley, Esquire  
Joel D. Rohlf, Esquire  
Jonathan I. Coronel, Esquire  
Sean M. Callagy, Esquire  
Simona A. Agnolucci, Esquire  
Kevin M. Henley, Esquire  
Mary E. Sylvester, Esquire  
Matthew D. Grant  
Tanya E. Kalivas, Esquire

(*Via CM/ECF Electronic Mail*)